TASHA CHALFANT, SBN 207055
LAW OFFICE OF TASHA PARIS CHALFANT
5701 Lonetree Blvd., Suite 312
Rocklin, CA 95765
Telephone: (916) 444-6100
Fax:            (916) 930-6093
E-mail:       tashachalfant@gmail.com

Attorney for Defendant
JULIUS JAMAR WATSON III.

# UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>JULIUS JAMAR WATSON III,<br><br>      Defendant. | Case No.:  2:21-CR-54-KJM<br><br>**DEFENDANT'S MOTION TO COMPEL DISCOVERY**<br><br>Date:  August 18, 2022<br>Time:  2:00 p.m.<br>Judge:  Hon. Kendall J. Newman |

## INTRODUCTION AND STATEMENT OF FACTS

This motion seeks an order directing the government to provide the defendant with GPS data from the arresting officer's patrol vehicle for the relevant time period in question, so that he can prepare for a motion to suppress hearing that is scheduled for August 26, 2022.

The defendant has been indicted for a violation of Title 18 U.S.C. § 922(g)(1).  The government alleges that the defendant was found in possession of a firearm during the course of a traffic stop conducted by the Vacaville Police Department.  The defendant has filed a motion to suppress (ECF No. 27)  An evidentiary hearing is currently scheduled for

August 26, 2022.  A critical issue is where the arresting officer was when he purportedly observed the defendant make a right turn without using his turn signal.  The officer claims he was in a gas station parking lot watching the defendant make the right turn without a turn signal, but the officer's in-car-camera video shows that he was parked on a side street nearly 300 feet away as the defendant drove by him.  The government's explanation is that the in-car-camera video did not start to record until the officer activated his overhead lights, which did not occur until 30 seconds or more after the alleged vehicle code violation occurred, and the officer's account in his police report is accurate.  The defendant disputes this explanation, given the location of the patrol vehicle at the time the in-car-camera footage begins.  To resolve this issue, the defendant wishes to introduce GPS evidence of the patrol vehicle's location at the time in question.  The GPS data will prove the officer's account is not true, which will show that his detention was unlawful and will form the basis for his motion to suppress to be granted.

Based on my familiarity with Eastern District of California case U.S. v. Roderick Harris, 2:19-cr-00235-KJM, I am informed that police departments, including Vacaville Police Department's sister department (the Fairfield Police Department), use computer systems to track the physical location of police cars.  (Harris, Doc. 158, p. 9), that this location data, in the form of GPS coordinates, is stored (Doc. 158, p. 10), and that this GPS location data can be produced in an Excel spreadsheet.  The data includes the location, direction, and vehicle speed at particular points in time (Doc. 158. P. 12), which can be used to create maps and other exhibits to depict where the patrol vehicle was during relevant points in time in this case (Doc. 158, p. 13-15).  This system is used by the police department's dispatchers to keep track of where patrol vehicles are located.  This system is separate from the other systems and equipment police officers use that may have GPS capability, such as body worn cameras, in-car-cameras, Motorolla portable radios, and department-issued cellular phones.  The government has confirmed that GPS location data exists for the body worn camera, but is under the impression that it cannot provide that information due to propriety software limitations.

1   In <u>Harris</u>, the government was able to acquire the patrol vehicle's GPS information

2   from the IT manager for the City of Fairfield.  It should be simple for the government to

3   obtain this type of information.

4   Given the fact that the evidentiary hearing is scheduled for August 26, 2022, and

5   the defendant is in custody, and efforts to obtain GPS data through informal channels have

6   been unsuccessful, the defendant requests this Court to order the government to produce

7   GPS data for the arresting officer's patrol vehicle in this case for September 25, 2020,

8   between 6:45 p.m., and 7:20 p.m.

9                                    **ARGUMENT**

10   This request is merely for <u>timely</u> disclosure of <u>Brady/Giglio</u> material. This material

11   is immediately discoverable under both Fed. R. Crim. P. 16(a)(1)(C) (information which

12   is "material to the preparation of the defendant's defense") and <u>Brady v. Maryland</u>, 373

13   U.S. 83 (1963).  <u>Brady</u> material includes "impeachment evidence as well as exculpatory

14   evidence." <u>Id.</u> at 280 (<u>citing</u> <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985)).

15   With regard to <u>Brady</u> material, such information is to be turned over "at such time

16   as to allow the defense to use the favorable material effectively in the preparation and

17   presentation of its case. ..." <u>United States v. Pollack</u>, 534 F.2d 964, 973 (D.C. Cir. 1976),

18   <u>cert. denied</u>, 429 U.S. 924 (1976); <u>see</u> <u>United States v. Starusko</u>, 729 F.2d 256, 261 (3d

19   Cir. 1984) (noting that <u>Brady</u> information which will require defense investigation or more

20   extensive defense preparation should be disclosed at an early stage of the case); <u>see, e.g.</u>,

21   <u>Poindexter</u>, 727 F. Supp. at 1485 (noting the government's obligation to "immediately"

22   produce to the defendant any exculpatory evidence, even if that evidence is contained in

23   its <u>Jencks</u> materials); <u>Recognition Equipment, Inc.</u>, 711 F. Supp. at 14 (ordering immediate

24   disclosure of exculpatory and impeachment evidence).

25   Accordingly, in order to afford the defendant a meaningful opportunity to contest

26   the charges against him by confronting his accuser at the motion to suppress hearing with

27   the effective assistance of counsel, the defendant requests that the government be ordered

28   to disclose the GPS data for the arresting officer's patrol vehicle in this case for September

Defendant's Discovery Motion

25, 2020, between 6:45 p.m., and 7:20 p.m., and to produce any other  <u>Brady/Giglio</u>

material related to this issue to defense counsel immediately.

       Dated:  August 4, 2022           <u>/s/ Tasha Paris Chalfant</u>

                                        TASHA PARIS CHALFANT
                                        Attorney for Defendant
                                        JULIUS JAMAR WATSON III